WILLIAMS, Senior Circuit Judge,
concurring.
I concur in all aspects of the court’s opinion except for the conclusion that Common Article 3 does not apply to the United States’s conduct toward al Qaeda personnel captured in the conflict in Afghanistan. Maj. Op. 41-42. Because I agree that the Geneva Convention is not enforceable in courts of the United States, and that any claims under Common Article 3 should be deferred until proceedings against Hamdan are finished, I fully agree with the court’s judgment.
* * % # % :¡:
There is, I believe, a fundamental logic to the Convention’s provisions on its application. Article 2 (¶ 1) covers armed conflicts between two or more contracting parties. Article 2 (¶ 3) makes clear that in a multi-party conflict, where any .two or more signatories are on opposite sides, those parties “are bound by [the Convention] in their mutual relations” — but not (by implication) vis-a-vis any non-signatory. And as the court points out, Maj. Op. at 41, under Article 2 (¶ 3) even a non-signatory “Power” is entitled to the benefits of the Convention, as against a signatory adversary, if it “accepts and applies” its provisions.
Non-state actors cannot sign an international treaty. Nor is such an actor even a “Power” that would jpe eligible under Article 2 (¶ 3) to secure protection by complying with the Convention’s requirements. Common Article 3 fills the gap, providing some minimal protection for such non-eli-gibles in an “armed conflict not of an international character occurring in the territory of one of the High Contracting Parties.” The gap being filled is the non-eligible party’s failure to be a nation. Thus the words “not of an international character” are sensibly understood to refer to a conflict between a signatory nation and a non-state actor. The most obvious form of such a conflict is a civil war. But given the Convention’s structure, the logical reading of “international character” is one that matches the basic derivation of the word “international,” i.e., between nations. Thus, I think the context compels the view that a conflict between a signatory and a non-state actor is a conflict “not of an international character.” In such a conflict, the signatory is bound to Common Article 3’s modest requirements of “humane! ]” treatment and “the judicial guarantees which are recognized as indispensable by civilized peoples.”
I assume that our conflicts with the Taliban and al Qaeda are distinct, and I agree with the court that in reading the Convention we owe the President’s construction “great weight.” Maj. Op. at 41. But I believe the Convention’s language and structure compel the view that Common Article 3 covers the conflict with al Qaeda.